**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVROHOM SEBROW,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FEIN, SUCH, KAHN, & SHEPHARD, P.C.,<br><br>　　　　　　　　　Defendant. | Civil Action No.: 10-2548 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant's motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is granted in part and denied in part.

**BACKGROUND**

On January 13, 2010, Plaintiff Avrohom Sebrow ("Plaintiff") filed a one count "Class Action" Complaint alleging violations of the Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq* ("FDCPA" or "the Act") by Defendant law firm Fein Such Kahn & Shephard, P.C. ("Defendant").[1]

---

[1] This Court's jurisdiction is premised on 28 U.S.C. § 1331.

Plaintiff's claim arises out of a summons and complaint in foreclosure (hereinafter, "Foreclosure Complaint") served on Plaintiff by Defendant. (First Am. Compl. ("Complaint or Compl."), ¶ 9). The sole count contained in Plaintiff's First Amended Complaint alleges that Defendant violated the 15 U.S.C. 1692g "by failing to inform the consumer of the amount that was owed." (Compl., ¶ 24). In addition, although not formally plead as a claim for relief, a liberal construction of Plaintiff's Complaint reveals that Plaintiff also alleges a violation of 15 U.S.C. 1692e. (Compl., ¶ 10). Currently before the Court is a motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). But, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted,

alteration in original).[2]

## DISCUSSION

Defendant seeks dismissal of Plaintiff's entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's allegation (1) impermissibly relies upon information contained within a pleading and (2) is barred under New Jersey's litigation privilege.

**1.     Fair Debt Collection Practices Act, Section 1692g**

Plaintiff alleges that "Defendant violated § 1692g, by failing to inform the consumer of the amount that was owed." (Compl., ¶ 24).  More specifically, Plaintiff alleges that the documents attached to the Foreclosure Complaint failed to comply with Section 1692g the Act, entitled "Validation of Debts," which requires a debt collector to notify a debtor of his or her statutory rights with regard to the specific debt "within five days after the initial communication with a consumer." 15 U.S.C. 1692g(a). In order to trigger the notice requirements under Section 1692g of the Act, the debtor must receive "an initial communication." Id. Here, Plaintiff argues that the underlying Foreclosure Complaint functions as "an initial communication" for purposes of the Act. Although a Foreclosure Complaint did serve as "an initial communication" in the past, this is no longer the case. In 2006 Congress amended the Act as follows: "formal pleadings in a civil action shall not be treated as an initial communication" for purposes of triggering the notice requirements under Section 1692g. 15 U.S.C. Section 1692g(d). Thus, the FDCPA's plain language clearly states that formal

---

[2] Here, Plaintiff's action is premised on an underlying Foreclosure Complaint.  Plaintiff's Complaint attaches portions of the Foreclosure Complaint. Defendant, in support of its motion, attached the complete Foreclosure Complaint. See Declaration of Andrew C. Sayles ("Sayles Decl.") Here, the underlying Foreclosure Complaint is integral to Plaintiff's action. Moreover, Plaintiff does not dispute authenticity of this document. As such, the Court has considered this document in its entirety for purposes of this motion.

pleadings in civil actions are not "initial communications" and, therefore, do not trigger the notice requirements of Section 1692g(a).

Defendant's underlying Foreclosure Complaint is a formal pleading and, as such, does not serve as an "initial communication" triggering the notice requirements of Section 1692g. See Oppong v. First Union Mortgage Corporation, 326 Fed.Appx. 663, 666 n. 3 (3d Cir. 2009) (indicating that a foreclosure complaint "shall not be treated as" an initial communication in light of the 2006 amendments). Therefore, because Defendant was never obligated to send, and Plaintiff was not entitled to receive, said notice, "[i]n view of what is alleged, it can[not] be reasonably conceived that the plaintiff . . . could, upon a trial, establish a case which would entitle [him] to . . . relief" under Section 1692g of the Act. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (2008) (citing Twombly, 127 S.Ct. at 1969 n. 8). Accordingly, Defendant's motion to dismiss Plaintiff's claim for relief under 15 U.S.C. 1692g is GRANTED.

3. **Plaintiff's Apparent Claim for Relief Under Section 1692e.**

A liberal construction of the Complaint reveals that Plaintiff alleges violations of Section 1692e of the Act. Therefore, in the interest of justice, judicial economy, and completeness, the Court will address Plaintiff's apparent claim under Section 1692e. To be sure, Plaintiff does not formally assert a cause of action under Section 1692e of the Act. However, under the section of the First Amended Complaint – entitled "Jurisdiction and Venue"– Plaintiff asserts that

> Defendant also violated § 1692e by serving the validation notice with the summons and complaint, thereby confusing the consumer regarding his obligations to answer the complaint. The summons was overshadowed by the rights under the notice, since a different timeline is given to the consumer in each document. The language is certainly confusing and is subject to a reasonable interpretation that is false.

(Compl., ¶ 10). The court finds that this apparent claim, as currently plead, does not satisfy Fed. R. Civ. P. 8(a) which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

Section 1692e of the Act names sixteen distinct forms of conduct by which a debt collector can violate a consumer's rights under this particular section. Here, Plaintiff neither identifies the section (or sections) he is proceeding under, nor does he "identify the facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As such, Plaintiff's apparent claim for relief under Section 1692e of the Act is dismissed without prejudice.[3]

## CONCLUSION

Based on the reasons set forth above, Plaintiff's claim for relief under Section 1692g of the Act is hereby dismissed with prejudice. Also, based on the reasons set forth above, Plaintiff's

---

[3] To the extent the Plaintiff is proceeding under Section 1692e(11), the Court notes that said section "shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. Section 1692e. Thus, it is unlikely that a complaint alleging violations of Section 1692e(11) based solely on a formal pleading in another action could survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

apparent claim for relief under Section 1692e of the Act is hereby dismissed without prejudice. To the extent that the deficiencies in Plaintiff's claim under Section 1692e can be cured by way of amendment, Plaintiff is granted leave to amend such claims. Failure to do so, **on or before December 1, 2010**, will result in dismissal of such claim with prejudice.

    An appropriate Order accompanies this Opinion.

DATE: November 1, 2010

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE