UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

TO: ALL PARTIES VIA ECF

February 16, 2011

Re: **Avrohom Sebrow v. Fein, Such, Kahn & Shepard, P.C.**
Civil Action No.: 10-00215 (JLL)

Dear Counsel:

This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's November 1, 2010 Opinion and Order dismissing the Amended Complaint of Plaintiff Avrohom Sebrow ("Plaintiff"). This Court has considered the submissions made in support of and in opposition to the motion. This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

**BACKGROUND & STANDARD**

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the pending motion. By way of Opinion and Order dated November 1, 2010, the Court engaged in a detailed analysis of Plaintiff's claims and set forth, also with much detail, its reasons for dismissing Plaintiff's claims arising under 15 U.S.C. 1692g with prejudice and his apparent claims under 15 U.S.C. 1692e without prejudice. In doing so, the Court made every effort to liberally construe the factual allegations contained in Plaintiff's First Amended Complaint. The Court permitted Plaintiff an opportunity to further amend his complaint with respect to his apparent claims under 15 U.S.C. 1692e. However, rather than filing a Second Amended Complaint, Plaintiff moved for reconsideration pursuant to New Jersey Local Rule 7.1.

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A party seeking reconsideration shall file and serve its motion within fourteen days after the entry of the order on the original motion. L. Civ. R. 7.1(i). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

Here, Plaintiff does not challenge this Court's finding that the Foreclosure Complaint is not an initial communication under the Act. See Oppong v. First Union Mortgage Corporation, 326 Fed.Appx. 663, 666 n. 3 (3d Cir. 2009) (indicating that a foreclosure complaint "shall not be treated as" an initial communication in light of the 2006 amendments). Instead, Plaintiff argues that the Court failed to consider whether certain other documents, namely "a Request for Certification for default and a Certification of Mailing for said request, as well as other communications," violated Section 1692g the Fair Debt Collection Practices Act ("FDCPA" or "the Act".) (See Pl.s' Br. at 1; See also Comp. ¶ 9).

The Court first addresses the Request for Certification for default and the Certification of Mailing for said request. In New Jersey, where a party fails to respond to a pleading, rule 4:43-1 requires that the opposing party move for default. (See N.J. Crt. R. 4:43-1). As part of that process, the requesting party – here, Plaintiff – must provide proof of service for that request. As such, Plaintiff's Request for Certification for default and a Certification of Mailing for said request are simply procedural extensions of the Foreclosure Complaint which, as stated above, is not an initial communication under the Act. Plaintiff fails identify any controlling case law that this Court overlooked indicating that these types of documents should be treated differently than a pleading under Section 1692g of the Act. As such, Plaintiff's motion for reconsideration must be DENIED. McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

The Court now turns to Plaintiff's argument that the Court failed to consider whether the phrase "other communications" comports with Fed. R. Civ. P. 8(a)(2). (See Pl.'s Br. At 1; See also Comp. ¶ 9). Here, the Court finds that Plaintiff's reliance on "other communications" does not state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " because it does not articulate how the contents of these "other communications" allegedly violate the Act. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, Plaintiff's motion for reconsideration must be DENIED.

## CONCLUSION

For the reasons given above, the Court denies Plaintiff's motion for reconsideration. However, because Plaintiff has been granted leave to amend his apparent Section 1692e claim, and in the interests of substantial justice and completeness, the Court will afford Plaintiff one final opportunity to amend his Complaint with respect to Section 1692g. Failure to do so **on or before March 7, 2011** will result in dismissal of such claims with prejudice.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge

2