**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

TO: ALL PARTIES VIA ECF

August 3, 2011

Re:  **Avrohom Sebrow v. Fein, Such, Kahn & Shepard, P.C.**
     **Civil Action No.: 10-00215 (JLL)**

Dear Counsel:

This matter comes before the Court by way of Defendant's motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is granted.

## BACKGROUND & STANDARD

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the pending motion. By way of Opinion and Order dated November 1, 2010, the Court engaged in a detailed analysis of Plaintiff's claims and set forth, also with much detail, its reasons for dismissing Plaintiff's claims arising under 15 U.S.C. 1692g with prejudice and his apparent claims under 15 U.S.C. 1692e without prejudice. In doing so, the Court made every effort to liberally construe the factual allegations contained in Plaintiff's First Amended Complaint. The Court permitted Plaintiff an opportunity to further amend his complaint with respect to his apparent claims under 15 U.S.C. 1692e. However, rather than filing a Second Amended Complaint, Plaintiff moved for reconsideration pursuant to New Jersey Local Rule 7.1. The Court denied said motion, but granted Plaintiff leave to amend his claims under Sections 1692g and 1692e. Subsequently, Plaintiff filed his Second Amended Complaint ("SAC") which is the subject of the instant motion.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a

plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). But, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted, alteration in original).

## DISCUSSION

A.      **Plaintiff's Claims under 15 U.S.C. § 1692g**

Plaintiff alleges that he received initial communications from Defendant regarding the collection of a debt, but that Defendant failed to notify him of his statutory rights with regard to the specific debt "within five days after the initial communication." 15 U.S.C. 1692g(a). Plaintiff's complaint identifies three separate communications that he argues served as an initial communication triggering the requirements of Section 1692g, namely (1) summons and complaint, (2) a request for certification for default and certification for the mailing of said request, and (3) an email from Fein Such to Plaintiff with an attached revised consent order. (Compl., ¶ 11). For the reasons set forth in this Court's prior opinions (Dckt. Nos. 21 & 28), the Court finds that the above referenced communications are exempt for the notice requirements of Section 1692g.

Plaintiff also alleges – for the first time – that on several occasions Defendant telephoned Plaintiff in an attempt to "to negotiate or settle the action brought against the Plaintiff in the state court proceeding" and that said phone calls are "initial communications" subject to the notice requirements under Section 1692g. (Compl., ¶ 11). Defendant argues that Plaintiff's claims are factually deficient because he does not allege "who Plaintiff supposedly spoke with, the time and length of the calls, or the specific content of each call." Defendant also challenges the authenticity of the "call log" attached to Plaintiff's complaint.

Section 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the

2

consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Id. § 1692g(a). The FDCPA broadly defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2).

Section 1692g(a) requires that a debt collector provide one FDCPA-compliant notice to a consumer. See id. § 1692g(a) ("Within five days after the initial communication ...." (emphasis added)); see, e.g., Ellis v. Solomon & Solomon, PC, 591 F.3d 130, 134 (2d Cir.2010) ("Unless set forth in the debt collector's " initial communication " with the consumer, the debt collector must send the consumer a written communication within five days of the initial communication." (emphasis added)). A debt collector may be liable under § 1692g(a) for failing to include the required information in an "initial communication"-written or oral-with the consumer, or for failing to send a written notice within five days of an initial communication that did not include the required information. See, e.g., Schwartz v. Resurgent Capital Servs., LP, No. 08CV2533(NG)(RML), 2009 WL 3756600, at *2 (E.D.N.Y. Nov. 9, 2009).

According to the Amended Complaint, then, Defendant's initial communication with Plaintiff was a telephone call. Plaintiff would state a valid claim for relief under § 1692g if his Amended Complaint included "enough facts," Twombly, 550 U.S. at 570, to allow the Court to draw either of two "reasonable inference [s]" about the telephone calls. Iqbal, 129 S.Ct. at 1949. First, he would state a valid claim for relief under § 1692g(a) if the facts he alleged allowed the Court to reasonably infer that Defendant failed to satisfy the FDCPA's notice requirements during the phone call, or that Defendant failed to send him a written notice conforming to the FDCPA's requirements within five days after the phone call. See 15 U.S.C. § 1692g(a).

Here, however, the Court finds that the Amended Complaint does not include sufficient factual material to allow the Court to draw a reasonable inference that Defendant failed to comply with the FDCPA's notice requirements during its initial telephone communication with Plaintiff. See id. § 1692g(a). The Amended Complaint asserts that Defendant telephoned Plaintiff in an attempt to "to negotiate or settle the action brought against the Plaintiff in the state court proceeding." (Compl., ¶ 11). Plaintiff does not allege that the communication did not include a warning "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). As such, Plaintiff's claim for relief under Section 1692g is dismissed without prejudice.

**B.      Plaintiff's Claims under 15 U.S.C. § 1692e**

Section 1692e of the Act names sixteen distinct forms of conduct by which a debt collector can violate a consumer's rights under this particular section. Here, Plaintiff alleges that Defendant violated Section 1692e(11) of the Act "by serving the validation notice with the

3

Defendant violated Section 1692e(11) of the Act "by serving the validation notice with the summons and complaint, thereby confusing the consumer regarding his obligations to answer the complaint." (Compl., ¶ 14). However, Section 1692(e)(11) "shall not apply to a formal pleading made in connection with a legal action." Here, Plaintiff's claim for relief under Section 1692e(11) is based solely on a summons and complaint that he received in the underlying state court action. A summons and complaint is a formal pleading. Section 1692e(11) does not apply to formal pleadings. Therefore, Plaintiff's claim for relief under Section 1692e(11) must be dismissed with prejudice.

## CONCLUSION

For the reasons given above, Defendant's motion is granted and Plaintiff's complaint is dismissed without prejudice to cure the deficiencies identified herein.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

Jose L. Linares
United States District Judge